LOTTINGER, Judge.
Styling herself as the Administratrix of the Estate of Walter Heck and Tutrix of the minors, Lee Viola Heck and Walter Heck, Jr., Viola A. H. Flanagan brought this suit against the Metropolitan Casualty Insurance Company of New York, Louis. Chenel and Ostele Love, seeking damages against the defendants'jointly and in solido-in the amount of $10,000 for damages arising out of the mutilation, disfigurement, etc., of the body of Walter Heck after he-had been killed on November 22, 1951.
The petition makes the following allegation with respect to the occurrence of the-accident:
6.
“That the accident that gave rise to. this cause of action happened in the following respects, to-wit: the deceased, Walter Heck, was walking-south on Louisiana Highway No. 34,. and an automobile being driven by Louis Chenel was headed and going-north and another automobile being driven by Ostele Love was headed and! going south, and the said Walter Heck. *434 was walking south, and the said Chenel automobile ran into Walter Heck and killed him knocking him into the path of the Love automobile, which ran over his body and mangled, mutilated, dismembered, and disfigured it almost beyond recognition.”
It appears that at the same time the instant suit was filed in the court below, suit was filed against the Metropolitan Casualty Insurance Company of New York in the United States District Court for the Eastern District of Louisiana, seeking damages in the amount of $29,200 for the death of Walter Heck.
In the instant suit the defendants Metropolitan Casualty Insurance Company of New York and Louis Chenel filed exceptions to procedural capacity, lack of proper cumulation of actions and of no cause and right of action. Following argument and submission of authorities, the Lower Court overruled the exception of lack of proper cumulation of actions but sustained the exceptions to procedural capacity and no cause of action.
Subsequent to this ruling by the trial judge, the plaintiff perfected an appeal to this court. While this appeal was pending, as the result of a motion filed on behalf of the plaintiff and Louis Chenel and the Metropolitan Casualty Insurance Company of New York representing that the matter pending in the Federal Court and the instant case had been compromised, the appeal was dismissed with respect to the plaintiff in her alleged representative capacities and also with respect to the minors on March 9, 1953.
It appears that no pleadings were ever filed on behalf of Ostele Love and, on May 21, 1957, the attorney for the plaintiff entered a preliminary default against this defendant.
On May 24, 1957, when the matter came to be heard on confirmation of this default, according to the minutes of said day, the “Court refused to grant confirmation of default on the grounds that there is no evidence in the record against the defendant Ostele Love” and the matter is now before us again on an appeal taken by the plaintiff from this ruling.
Pretermitting the issue of whether the release executed in favor of Louis Chenel and the Metropolitan Casualty Insurance Company of New York would likewise dismiss the suit as to Ostele Love, we think the ruling of the trial judge is eminently correct. Counsel for plaintiff in his brief states as follows:
“The facts as agreed upon by and between plaintiff and defendant as to how the accident happened is as follows : The deceased, Walter Heck, was walking south on State Highway No. 34 and defendant, Chenel, was driving his automobile north on the same Highway and the defendant, Love, was driving his automobile south on the same highway and that the Chenel automobile ran into and killed Walter Heck and knocked him into the path of the Love automobile which ran over his said body and mangled, mutilated, dismembered, etc. it to a point beyond recognition.”
We are unable to find in the record any such stipulation as referred to by counsel, but even if one were contained therein, we do not think it would be sufficient to establish negligence on the part of Love so as to entitle the plaintiff to recover. It is too well settled to require citation that plaintiff, in default cases, must prove his case and the record in this matter is completely barren of any evidence whatever of negligence on the part of Love.
For the reasons assigned, it is apparent that the judgment of the Lower Court in refusing to allow the confirmation of the default was eminently correct and should be affirmed.
Judgment affirmed.